UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　Case No. 3:17-cr-55-JJH-3

　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Larry Stewart,

　　　　　　Defendant.

## I.　　INTRODUCTION AND BACKGROUND

On October 19, 2020, I denied Defendant Larry Stewart's motion for appointment of counsel to aid in his pursuit of compassionate release, finding appointment of counsel would be futile because "extraordinary and compelling reasons" did not warrant compassionate release. (Doc. No. 730).

Stewart now seeks an order compassionate release, asserting "extraordinary and compelling reasons" exist now that warrant a sentence reduction. (Doc. No. 754). Specifically, he cites the need for a urologist due to the recent presence of blood in his urine as well as an increased number of COVID-19 cases where he is incarcerated at Federal Correctional Complex – Milan in Milan, Michigan than existed at the time of my initial ruling. (Doc. Nos. 720). Stewart reports that he is in the first group scheduled to be vaccinated at FCI Milan, but is concerned about contracting the disease before being fully vaccinated. (Doc. No. 771).

In February 2017, Stewart was indicted on one count of conspiracy to possess with "intent to distribute at least one kilogram or more of a mixture or substance containing a detectable amount

1

of heroin … and … at least five kilograms or more of a mixture or substance containing a detectable amount of cocaine," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.[1] (Doc. No. 1). Stewart pled guilty to this offense. After considering the arguments of counsel and the factors set forth in 18 U.S.C. § 3553(a), I determined his advisory Guideline range to be 108 to 135 months imprisonment. (Doc. No. 626 at 11). But because this offense carried a mandatory minimum sentence of 120 months, his true Guideline range was 120 to 135 months. Ultimately, I sentenced Stewart to the mandatory minimum term of 120 months in prison and a supervised release term of 5 years. (Doc. No. 604). Stewart is scheduled to be released on August 18, 2025.

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

As I found previously, the exhaustion requirement is satisfied.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)); *United States v. Jones*, 980 F.3d

---

[1] The government subsequently obtained a superseding indictment, adding additional charges. (Doc. No. 17). But these charges were dismissed.

2

1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

In this case, I cannot conclude a modified sentence would serve the purposes of § 3553(a). 18 U.S.C. § 3553. Stewart was sentenced to the mandatory minimum of 120 months after pleading guilty to conspiracy with intent to distribute heroin and cocaine. Stewart admitted his role in the conspiracy was that of a mule, transporting drugs and money between Toledo, Ohio and Detroit, Michigan between 2012 and 2017. Specifically, he admitted he was responsible for possessing and distributing between 3 and 10 kilograms of heroin and between 15 and 50 kilograms of cocaine.

While Stewart does not speak to his institutional adjustment at FCI Milan, it does appear he has earned good time, for which I commend him. But at this time, approximately half of Stewart's sentence remains to be served. Stewart has not shown a reduced sentence would be sufficient to comply with the § 3553(a) purposes of sentencing and attendant factors, including the nature and circumstances of the offense of conviction, his criminal history, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

Even if extraordinary and compelling reasons warranted a reduction, the § 3553(a) factors do not support such a reduction. Therefore, compassionate release must be denied.

### III.   CONCLUSION

For the foregoing reasons, Stewart's motion for compassionate release is denied.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge