UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                      Case No. 3:17-cr-55

         Plaintiff,

v.                                          MEMORANDUM OPINION
                                                      AND ORDER

Larry Stewart,

         Defendant.

### I.     INTRODUCTION AND BACKGROUND

Defendant Larry Stewart, an inmate at the Federal Correctional Institution in Milan, Michigan, seeks an order reducing his sentence to time served and providing for his immediate release from custody, or modifying his sentence to a term of home confinement equal to his remaining term of incarceration. (Doc. No. 790). The government has not responded to Stewart's motion.

On March 8, 2017, Stewart was indicted on one count of conspiracy to possess with the intent to distribute and distribution of heroin and cocaine, two counts of use of a telecommunications facility to facilitate a drug conspiracy, and four counts of traveling in interstate commerce with the intent to facilitate a drug conspiracy. (Doc. No. 17). He pled guilty to the single conspiracy count, pursuant to a plea agreement, and the government moved to dismiss the remaining six charges. On March 25, 2019, I sentenced Stewart to 120 months in prison and a 5-year term of supervised release. (Doc. No. 604). Stewart did not appeal.

Stewart asserts he has high blood pressure and obesity, which increase his risk of serious illness or death if he were to contract Covid-19 while incarcerated. (Doc. No. 790 at 10). He claims he "faces a serious risk of grave illness and death because of the impact of a COVID-19 infection given the inability to practice social distancing in a dorm-style unit." (*Id.* at 9). He argues his "current sentence presents 'extraordinary and compelling reasons' because the current pandemic as well as the effect it could have on [his] health." (*Id.* at 5).

## II.     ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Stewart has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his motion. (Doc. No. 790 at 5).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts

may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Stewart first argues "the pandemic warrants extraordinary and compelling circumstances favoring his release." (Doc. No. 790 at 1). While I am sympathetic to Stewart's concerns about Covid-19, "a generalized risk of contracting Covid-19" alone does not justify compassionate release. *United States v. Mullins*, No. 06-20015, 2020 WL 5422300, at *2 (E.D. Mich. Sept. 10, 2020). *See also United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at *2 (E.D. Mich. Aug. 12, 2020) ("Although COVID-19 presents serious risks in the federal prison system, the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020).

Stewart next argues his age and health conditions place him at high risk of suffering serious complications if he contracts Covid-19.[1] (Doc. No. 790 at 10). Further, he contends he "will have a hard time caring for himself" if he becomes infected. (*Id.* at 12). Even if I assume that to be true, however, Stewart fails to show a modified or reduced sentence would be consistent with 18 U.S.C. § 3553(a).

---

[1] A substantial portion of Stewart's motion deals with generalized arguments about the policy underlying the First Step Act's amendment of the compassionate release framework, the BOP's response to Covid-19 in its facilities, and the treatment of staff and inmates at FCI Milan. (Doc. No. 790 at 3-9). Other than asserting the BOP's efforts at FCI Milan place "inmates like Stewart . . . in incredible amounts of danger, thus warranting relief," Stewart does not explain how these broad arguments establish extraordinary and compelling reasons to justify release. (*Id.* at 8). Courts considering motions for compassionate release repeatedly "have concluded that the COVID-19 pandemic alone does not justify compassionate release." *United States v. Beigali.*, No. CR 07-20490, 2021 WL 3560889, at *3 (E.D. Mich. Aug. 12, 2021) (citing cases).

"When deciding a motion for compassionate release, '[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision,' . . . including, but not limited to, 'the nature and circumstances of the offense and the history and characteristics of the defendant' and 'the need for the sentence imposed . . . to reflect the seriousness of the offense . . . [and] to afford adequate deterrence to criminal conduct.'" *United States v. Wells*, --- F. App'x ---, 2021 WL 3671373, at *3 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020) and 18 U.S.C. § 3553(a)(1)-(2)).

While Stewart claims he "recognizes the serious nature of his offense," (Doc. No. 790 at 12), he makes no mention of the fact he pled guilty to possessing between three and ten kilograms of heroin or that he received a two-level increase to his base offense level "for being an organizer, leader, or manager" of the drug trafficking conspiracy to which he pled guilty. (Doc. No. 584 at 6). Moreover, he repeatedly claims he is a first-time offender, (Doc. No. 790 at 12), despite that he previously was convicted in federal court in 1976 of armed robbery of a United States Post Office and convicted of no fewer than 21 other misdemeanors and felonies in Ohio courts since turning 18 years old. (Doc. No. 584 at 29-33). He also has served less than half of the 120 month sentence he received in this case.

I conclude a reduced sentence would not fulfill the objectives of § 3553(a) because it would not adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense.

### III. CONCLUSION

For these reasons, I deny Defendant Larry Stewart's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 790).

So Ordered.

                                                    s/ Jeffrey J. Helmick
                                                    United States District Judge